### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**WALLACE A. GARDNER,**
**ADC #170784**                                                                    **PLAINTIFF**

**V.**                              **CASE NO. 5:13CV00216 DPM/BD**

**WILLIAM STRAUGHN, et al.**                                          **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge D.P. Marshall Jr.  Mr. Gardner–or any party–may file written

objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.     Introduction

Plaintiff Wallace A. Gardner, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983, complaining that in February 2013, he was placed in a cell that had recently been damaged by fire, and that the cell had not been adequately cleaned.  He claims that he suffered health problems as a result of his conditions of confinement.  Mr. Gardner also complains that he was improperly held in isolation following the reversal of his disciplinary conviction.

Defendants have filed a motion for summary judgment.  (Docket entry #68)  Mr. Gardner has responded to the motion.  (#73, #74, #75, #76)  For the reasons set out below, the motion for summary judgment (#68) should be GRANTED.[1]

## III.    Undisputed Facts

On January 11, 2013, inmate E. Akins (not a party to this lawsuit) was transferred to East Isolation Cell 17.  Later day that day, he started a fire in his cell.  Inmate Akins was then taken out of that cell, and the cell was cleaned.

---

[1] Because the Court finds that Mr. Gardner's claims are precluded by res judicata, the Court will not address the Defendants' qualified immunity argument in this Recommendation.

On January 17, 2013, inmate D. Page (not a party to this lawsuit) was transferred to East Isolation Cell 17.  Inmate Page remained housed in Cell 17 for a month.

On February 19, 2013, Mr. Gardner was transferred to East Isolation Cell 17 as a result of a disciplinary conviction.  (#69-2 at p.6)  He appealed that conviction, and on March 4, 2013, his conviction was reversed.  (#69-4 at p.7)  On March 11, 2013, Mr. Gardner was moved into East Isolation Cell 19, and on March 21, 2013, he was moved out of isolation.  (#69-2 at p.5)

The undisputed evidence shows that Cell 17 was cleaned twelve times following the fire on January 11, 2013.  (#69-1 at p.1)

In April 2013, Mr. Gardner filed a complaint against the ADC with the Arkansas State Claims Commission ("Commission").  In his complaint, he alleged that he was placed in a cell that had been damaged by fire, which caused him to suffer health problems.  (#69-4 at pp.1-2)  In addition, Mr. Gardner complained that he was improperly held in isolation after his disciplinary conviction was reversed.  The ADC moved to dismiss Mr. Gardner's claims, and the Commission granted the ADC's motion.  (#75 at pp.196-197; #69-6 at p.1)  The Commission denied Mr. Gardner's motion for reconsideration.  (#69-8 at p.1)

IV.   **Discussion**

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact.

FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986);

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  The moving

party bears the initial responsibility of demonstrating the absence of a genuine dispute of

material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

If the moving party meets this burden, the nonmoving party must respond by coming

forward with specific facts establishing a genuine dispute for trial.  *Torgerson v. City of*

*Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If the nonmoving party does

not come forward with enough evidence to establish a necessary element of a claim, the

moving party is entitled to judgment as a matter of law on that claim.  *Celotex Corp.,* 447

U.S. at 322–23, 106 S.Ct. at 2552.

   A.   **Sovereign Immunity**

   Mr. Gardner's claims for money damages against the Defendants in their official

capacities are barred by sovereign immunity.  It is settled law that a civil litigant cannot

recover money damages from state actors sued in their official capacities.  *Will v.*

*Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).  Thus, Mr. Gardner's

official-capacity claims against the Defendants for money damages should be dismissed

based on sovereign immunity**.**

   B.   **Res Judicata**

   The Eighth Circuit has held that when an administrative agency acts in a judicial

capacity to resolve disputed issues of fact properly before it, which the parties have had

an opportunity to litigate, the principles of res judicata apply to bar further claims by the parties, or those in privity with them, based on the same cause of action. *Price v. Harris*, 722 F.2d 427, 428 (8th Cir. 1983); *Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir.1981). A claim is precluded under res judicata principles if: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. *Wintermute v. Kansas Banks Sur. Co.*, 630 F.3d 1063, 1067 (8th Cir. 2011); *In re Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997). A preclusion analysis generally turns on whether the claims arise out of the "same nucleus of operative fact." *Cardona v. Holder*, 754 F.3d 528, 529 (8th Cir. 2014).

Mr. Gardner's complaint before the Commission contained the same allegations as those raised in this lawsuit. In his Commission complaint, Mr. Gardner alleged that he was held in a cell that had not been properly cleaned after a fire and that he was improperly held in punitive isolation after his disciplinary conviction was reversed.

Mr. Gardner's case before the Commission was based on proper jurisdiction and resulted in a final judgment on the merits between the same parties as appear in the case before this Court. Mr. Gardner is trying to re-litigate the same claim in this lawsuit that he unsuccessfully raised before the Commission.

Mr. Gardner does not dispute that his claims here are the same allegations as those he raised before the Commission.  He argues, however, that in this forum he has presented additional evidence to support his claims.  While this may be so, more or stronger evidence in a second try cannot change the legal effect of claim preclusion.

Because Mr. Gardner's claims are  precluded by his prior claim before the Commission, the Defendants' motion for summary judgment should be granted.   See *Williams v. Campbell*, 163 F.3d 604, 1998 WL 514547 at \*2 (8th Cir. 1998) (dismissing prisoner's § 1983 claim for prison officials' failure to properly train and supervise as precluded by plaintiff's successful negligence case before the Arkansas State Claims Commission).[2]

## V.    Conclusion

The Court recommends that the Defendants' motion for summary judgment (#68) be GRANTED based on claim preclusion, and that this case be DISMISSED, with prejudice.

---

[2]  To the extent that Mr. Gardner claims that Defendants retaliated against him by leaving him in isolation after his disciplinary conviction was reversed, this claim also fails.  Not only does this claim arise from the same facts at issue in Mr. Gardner's complaint before the Commission, but also, his conclusory allegations are insufficient to allow him to proceed any further on this claim.  See *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (to prove a retaliation claim, a prisoner must present evidence that: he engaged in constitutionally protected activity; defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and retaliation was the actual motivating factor for the adverse action).

DATED this 15th day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE